# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN PADILLA,

 Plaintiff,

v.                  CIV No. 02-0356 LH/DJS

ALLIANT FOODSERVICE, INC.,
and U.S. FOODSERVICE, INC.,

 Defendants,

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Docket No. 8). Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the First Judicial District Court, Santa Fe County, State of New Mexico.

## Background

  On February 26, 2002, Plaintiff filed his complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico. Plaintiff asserted claims for retaliatory discharge, intentional infliction of emotional distress, breach of contract, and breach of covenant of good faith and fair dealing. Plaintiff requested various compensatory damages associated with his discharge from employment, and also sought punitive damages and attorney's fees. Plaintiff did not specify the monetary amount he sought, pursuant to a New Mexico proscription against doing so. N.M.R.Civ.P. 1-010(B)(MICHIE 2001)("Unless it is a necessary allegation of the complaint,

1

the complaint shall not contain an allegation of damages in any specific monetary amount").

On March 28, 2002, Defendant Alliant Food Service, Inc. ("Alliant") filed its Notice of Removal under 28 U.S.C. §1441. (Docket No. 1). In the Notice of Removal, Alliant contended that the claim is one "wherein the amount in controversy exceeds $75,000". (Notice of Removal, ¶12). However, Alliant failed to identify any facts or allegations in the record that would support such an assertion. In fact, the Notice of Removal is devoid of any factual basis to support removal jurisdiction.

On May 6, 2002, Plaintiff filed his Motion to Remand. (Docket No. 8). On the same day, Alliant filed its Response to the Plaintiff's Motion. (Docket No. 10). In its Response, Alliant argued that the jurisdictional amount was satisfied by virtue of the existence of analogous cases with high jury verdicts, Alliant's good faith belief, and because Plaintiff had not submitted evidence to the contrary. Even if persuasive, these arguments are irrelevant. Despite an absence of sufficient allegations in the complaint, Alliant failed to make appropriate assertions in the Notice of Removal to support removal jurisdiction; as such, removal is improper and the case must be remanded to state court.

**Legal Standards**

When seeking removal to federal court, a defendant bears the burden of establishing whether removal is indeed proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). To establish subject matter jurisdiction based on diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a). The Tenth Circuit requires that the amount in controversy be determined by the allegations of the

complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin*, 50 F.3d at 873. Noting that the *Laughlin* court required the jurisdictional amount be affirmatively established on the face of either the petition or the removal notice, the *Martin* court interpreted this to mean that, at a minimum, it must be shown by a preponderance of the evidence. *Martin*, 251 F.3d at 1290. [1]

**Discussion**

Alliant urges this Court to consider employment cases similar to this one that yielded verdicts exceeding the $75,000 threshold amount and involved damages for emotional distress and breaches of implied contracts. [2]

This Court, however, has held that by simply citing to other cases, a defendant does not meet the burden imposed by *Martin* or *Laughlin*. *Olinger v. Adecco*, No. 01-270 LH/DJS-ACE (D.N.M. June 4, 2001). Although Judge Black indicated in *Marrujo* that analogous cases could be sufficient to support assertions of diversity jurisdiction, he emphasized that a "factual basis" must exist and that the defendant must "set out those facts in the Notice of Removal". *Marrujo v. Swift Transp. Co. Inc.*, No. 98-122 (D.N.M. Aug. 6, 1999). This is in accordance with the

---

[1] Decisions in this district, prior to *Martin*, have interpreted the "preponderance of the evidence" standard to merely require a showing of "reasonable probability". *Jamison v. State Farm Gen'l Ins. Co.*, No. 98-1004 (D.N.M. Dec. 7, 1998); *Marrujo v. Swift Trans. Co. Inc.*, No. 98-1222 (D.N.M. Aug. 6, 1999). At least one case subsequent to the *Martin* decision has equated "preponderance of the evidence" with "reasonable probability", requiring only a demonstration that the amount in controversy is "more likely than not" in excess of $75,000. *Hanna v. Miller*, 163 F. Supp.2d 1302, 1304 (D.N.M. 2001).

[2] Alliant cites the following cases, among others: *Lucero v. Southwest Coca-Cola Bottling Co.*, No. 97-707 MV/RLP (D.N.M. Dec. 30, 1998); *Herbert v. High Country Mobile Homes, Inc.*, No. 96-1811 JC/DJS (D.N.M. Feb. 26, 1998); *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437 (10th Cir. 1997); *McGinnis v. Honeywell, Inc.*, 110 N.M.1, 791 P.2d 452 (1990).

3

decision in *Olinger*.

Alliant's attempt to remove this case cannot succeed because the Notice of Removal does not provide a factual basis supporting diversity of citizenship jurisdiction. However, had the Notice of Removal contained the arguments postulated by Defendant's Response to Motion to Remand, the removal would still fail for lack of a factual basis. For example, in its citation to other cases, Alliant fails to identify which facts therein are sufficiently analogous to the facts of the case at bar. There is no reference to similar salary scales, length of employment, severity of injury or emotional distress, or circumstances surrounding Plaintiff's termination. In the *Olinger* case, I stated that "[i]f this approach were sufficient, defendants could always meet the burden, because for virtually every type of case, one could cite other cases where the same categories of damages have been awarded in excess of $75,000."

Alliant's argument that it had a good faith belief in the amount in controversy also lacks a sufficient factual basis. Alliant did calculate Plaintiff's back wages (estimating them to be approximately $45,580) and also hypothesized about possible awards for front pay and emotional distress based on several New Mexico jury verdicts in the Response to Plaintiff's Motion to Remand. (Deft's Resp. to Pltff's Mot. to Remand, p. 3). Again, however, Alliant's reliance on lists of purportedly analogous cases is misplaced without a more in-depth analysis of underlying facts.

Finally, Alliant urges this Court to note other cases in this district in which plaintiffs have been required to file sworn statements in order to avoid removal. *Salazar v. Continental Casualty Co.*, No. 00-01534 JP/KBM (D.N.M. Dec. 20, 2000). I am persuaded against this approach, however, by strong policy considerations that contradict requiring such statements

4

from the Plaintiff. In *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1112 (D.N.M. 2000), the court noted that requiring such a stipulation from the Plaintiff essentially shifts the burden from the Defendant to the Plaintiff, rendering the Defendant's burden immaterial. Such a shift would negate the strong presumption toward protecting a plaintiff's choice of forum.

Alliant claims that it is the Plaintiff's duty to establish to a legal certainty that his claim is for less than the jurisdictional amount. However, the "legal certainty" standard only applies to Plaintiffs when they initiate the action in federal court. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Plaintiffs are not, conversely, required to disprove the possibility that their claim will be worth more than $75,000 in order to remain in state court. As per *Martin*, Defendants bear the burden, and they must show a basis for removal jurisdiction by a preponderance of the evidence.

**Conclusion**

Alliant's Notice of Removal provides insufficient grounds to support the removal. All that Alliant states is that $75,000 is required, that both compensatory and punitive damages may be aggregated together, and that this is a case "wherein the amount in controversy exceeds $75,000". (Notice of Removal, ¶12). Alliant provides a much fuller analysis in its Response to Plaintiff's Motion to Remand. However, as stated above, the Tenth Circuit has addressed this issue squarely and unequivocally: allegations supporting removal in pleadings filed subsequent to the original notice are not to be considered by the court in determining whether removal is proper. If a factual basis is not present in the underlying complaint, defendants must state supporting arguments in the notice of removal or the removal will be improper.

**WHEREFORE**, for the reasons stated above, Plaintiff's Motion to Remand shall be

granted, and this case shall be remanded to the First Judicial District, County of Santa Fe, State of New Mexico.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**